IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | Case No. 3:16-cr-00035-SLG-SAO |
|---|---|---|
| Plaintiff, | ) | Case No. 3:16-cr-00058-SLG-SAO |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | REGARDING DEFENDANT'S |
| | ) | MOTION FOR RECONSIDERATION |
| ARNOLD WESLEY FLOWERS II, | ) | OF ORDER DIRECTING RETURN |
| | ) | OF SEIZED PROPERTY |
| Defendant. | ) | (at Dkt. 272 in 3:16-cr-00035)[1] |
| | ) | |

## Introduction

Mr. Flowers moved the court for the return of seized property, including $10,000 from a safe at his home on 3108 Seclusion Bay Drive.[2] The District Judge granted Mr. Flowers' Motion for return of seized property at Dkt. 268. The United States moved the District Court to reconsider its ruling ordering the return of the $10,000[3], and Mr. Flowers responded.[4] The District Judge referred the Motion for Reconsideration to the undersigned Magistrate Judge. Upon consideration of the information and arguments presented, the magistrate judge RECOMMENDS DENIAL of the United States' Motion to Reconsider at Dkt. 272 and affirming the District Judge's order at Dkt. 268.

## Relevant Facts and Procedural History

A search of Mr. Flowers' 3108 Seclusion Bay Drive home on March 29, 2016 yielded

---

[1] Docket numbers listed are those in case 3:16-cr-00035, unless other noted.

[2] Dkt. 258, Mr. Flowers' Motion for Return of Seized Property.

[3] Dkt. 272, United States' Motion to Reconsider Return of $10,000 at 1. The United States stated it "disagrees with the return of $10,000 found in a safe at the defendant's residence." The United States did not seek reconsideration of the court's order regarding the other seized property; this motion only considers the objection to return of the $10,000.

[4] Dkt. 273, Mr. Flowers' Response to Motion for Reconsideration.

1

roughly $30,000 in cash.[5] Mr. Flowers was indicted in two federal cases, 3:16-cr-00035 and 3:16-cr-00058. In the First Superseding Indictment of 3:16-cr-00035, the United States listed $28,175 that it seized from Mr. Flowers and would be subject to forfeiture proceedings.[6] The amount of $28,175 included the $10,000 at issue in the motion to reconsider.

Mr. Flowers appeared before a magistrate judge at his arraignment in each case and requested court appointed counsel.[7] Mr. Flowers submitted form CJA 23, Financial Affidavit; in case 3:16-cr-00035; he confirmed the same information by submitting a signed copy of the same affidavit at his arraignment in 3:16-cr-00058.[8] The magistrate judge found Mr. Flowers eligible for the assistance of court appointed counsel in both cases and CJA counsel was appointed. Mr. Flowers was detained at that time and remained detained throughout the pendency of the cases.[9]

By the time the jury returned special verdicts[10] on forfeiture and the court issued a subsequent Preliminary Order of Forfeiture,[11] the United States had reduced Mr. Flowers' forfeiture liability to $18,000 found in the safes at 3108 Seclusion Bay Drive and $1,275 seized from his person on arrest.[12] The jury found the $18,000 seized from the safes and the $1,275 seized from Mr. Flowers' person should be forfeited, while the items seized from his storage locker

---

[5] Dkt. 179, Final Report and Recommendation at 6.

[6] Dkt. 15, First Superseding Indictment at 3-4; *see* 21 U.S.C. § 853; Fed. R. Crim. P. 32.2(a).

[7] Dkt. 5, Minutes of hearing in 3:16-cr-00035; Dkt. 13, Minutes of hearing in 3:16-cr-00058.

[8] Dkt. 6 in 3:16-cr-00035, CJA 23 Financial Affidavit; Dkt. 14 in 3:16-cr-00058, CJA 23 Financial Affidavit.

[9] Dkt. 7, Order of detention.

[10] Dkt. 213, Special Jury Verdicts.

[11] Dkt. 224, Preliminary Order of Forfeiture.

[12] Dkt. 224, Preliminary Order of Forfeiture.

should not be forfeited.[13] The United States asserted in its motion that "...an attorney for the United States determined that there was not a reasonable basis to forfeit $10,000 of the money seized from a safe at the defendant's residence on March 29, 2016."[14] As a result, the jury did not consider forfeiting this $10,000.[15] At sentencing, the District Judge did not impose a fine, finding Mr. Flowers unable to pay.[16]

Before entry of the final judgment, Mr. Flowers moved to have the seized $10,000 and certain property returned.[17] The government did not answer, and the District Judge granted the motion ordering the return of property.[18] The United States then moved the court to reconsider the order returning the property.[19] The District Judge referred the matter to the magistrate judge. The District Judge designated review under 18 U.S.C. § 3006A(c) to the magistrate judge in a footnote in the preliminary order.[20] The final judgment ordered the forfeitures referred to in the preliminary order.[21]

## Conclusions of Law

18 U.S.C. § 3006A(c) is the Criminal Justice Act's section on Adequate Representation of Defendants regarding indigent defendants and allows that:

"If at any time after the appointment of counsel the United States magistrate judge of the

---

[13] Dkt. 213, Special Jury Verdicts.

[14] Dkt. 272, Motion to Reconsider Return of $10,000 at 2.

[15] Dkt. 213, Special Jury Verdicts.

[16] Dkt. 275, Judgment; Dkt. 276 at 1.

[17] Dkt. 258, Mr. Flowers' Motion for Return of Seized Property ; Dkt. 259, Memorandum; *see also* Fed. R. Crim. P. 41(g).

[18] Dkt. 268, Order granting Mr. Flowers' motion for the return of seized property.

[19] Dkt. 272, Motion to Reconsider Return of $10,000 at 2.

[20] Dkt. 224, Preliminary Order of Forfeiture at 2, Footnote 1.

[21] Dkt. 275, Judgment.

3

court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate."[22]

The court can authorize a payment at any time pursuant to subsection (f).[23]

Under 18 U.S.C. 3006A, the burden of proof is on the defendant to establish indigency.[24] The trial court has a duty to make findings with regard to the defendant's ability to pay, and it may not order any reimbursement unless it finds that the defendant has the "present" ability to pay.[25] Those findings must be based on his present assets, "…not on his ability to fund payment from future earnings."[26] The "appropriate inquiry" required of the trial court into the defendant's financial circumstances (and those of his family) is meant to guarantee courts will thoroughly review appointments of counsel.[27] The inquiry into whether a defendant has the ability to pay does not require "definitive findings," but only a determination whether funds are or are not available for payment.[28] The decision whether to order payment remains in the judge's

---

[22] 18 U.S.C. § 3006A(c).

[23] 18 U.S.C. § 3006A(f) states: Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney...or to the court for deposit in the Treasury as a reimbursement to the appropriation[.]

[24] United States v. Ellsworth, 547 F.2d 1096, 1097-1098 (9th Cir. 1976), cert. denied, 431 U.S. 931 (1977).

[25] United States v. Lorenzini, 71 F.3d 1489, 1494 (9th Cir. 1995).

[26] United States v. Danielson, 325 F.3d 1054, 1076-1077 (9th Cir. 2003), as amended (May 19, 2003).

[27] 18 U.S.C. § 3006A(b); see United States v. Bracewell, 569 F.2d 1194, 1197-1198 (2d Cir. 1978) articulated that "the district court is obliged to conduct an inquiry into the defendant's personal and familial status."

[28] Danielson, 325 F.3d at 1076. see United States v. Embry, 128 F.3d 584, 585 (7th Cir. 1997). Additionally, an adversarial hearing is not required as part of this "appropriate inquiry" to satisfy due process.

4

discretion.[29]

Here, the requirement of an appropriate inquiry is satisfied based on the totality of information provided to the court regarding Mr. Flowers' financial circumstances. In assessing the circumstances surrounding the defendant's finances, "factual situation[s] must be 'weighed by the trial judge.'"[30] These sources include a form CJA 23 Financial Affidavit from Mr. Flowers' arraignment in case 3:16-cr-00035 at Dkt. 6 and affirmation of that same affidavit at Dkt. 14 in case 3:16-cr-00058. As a result, a magistrate judge found Mr. Flowers financially qualified for the assistance of court appointed counsel. The District Judge later considered financial information in a "Revised Presentence Report,"[31] and at sentencing she heard argument from Mr. Flowers' counsel argument affirming his indigency status and obligations to support his family.[32] The District Judge found Mr. Flowers unable to pay a fine.[33] These steps provided the court sufficient information regarding Mr. Flowers' financial information to satisfy the requirement of an appropriate inquiry as analyzed below.

Granting the United States' request is certainly within the discretion of this court. The test applied is whether the defendant has the present ability to pay at the time of the reimbursement.[34] Essentially, the United States seeks the full payment of $10,000 from Mr. Flowers at the precise moment it is 'returned' to him. As the $10,000 had been seized by the United States at the time the financial affidavits were completed, it was not included in the original analysis of indigency. For

---

[29] 18 U.S.C. § 3006A(f).

[30] Bracewell, 569 F.2d at 1199, citing United States v. Bursey, 515 F.2d 1228, 1239 (5th Cir. 1975).

[31] Dkt. 260, Revised Presentence Report.

[32] Dkt. 269, Imposition of Sentence Minutes.

[33] Dkt. 275, Judgment.

[34] Lorenzini, 71 F.3d at 1494.

5

this reason, it appears the United States' request is within the court's discretion on the basis of current or present 'ability to pay.'

While that is the case on its face, reviewing courts further require that "before a finding of 'availability' can properly be made, the district judge should be satisfied that, in ordering reimbursement in any specified amount, the defendant will not suffer extreme hardship as a consequence of being deprived of his funds."[35] The personal needs of the defendant must be considered, even in light of an impending prison term.[36] The court should also "be sensitive to the defendant's responsibilities to his family."[37]

Here, considering Mr. Flowers' outstanding debts and responsibilities to his family, it appears Mr. Flowers' does not have the ability to provide the $10,000 for CJA reimbursement. While his financial affidavit, taken in April 2016, listed his monthly income from self-employment of $6,500.00 per month, he was thereafter incarcerated and his monthly income ceased. His debts, approximately $4,500.00 monthly in supporting his wife and four children, remained.[38] A year later, the Presentence Report concluded that Mr. Flowers has no assets, no income, and no real property; he owed medical debt, child support, a car loan and miscellaneous unsecured debt.[39] The District Judge determined at the time of sentencing that Mr. Flowers did not have the ability to pay a fine. While the District Judge reserved judgment, the judge recognized the future need for those

---

[35] Bracewell, 569 F.2d at 1199, citing United States v. Bursey, 515 F.2d 1228, 1239 (5th Cir. 1975).

[36] *Id*.

[37] *Id*.

[38] Dkt. 6, CJA 23 Financial Affidavit of Arnold Wesley Flowers. Mr. Flowers was advised of his responsibility to inform the court of any changes to the information.

[39] Dkt. 274, Second Revised Presentence Report at 29-30.

6

Case 3:16-cr-00035-SLG  Document 284  Filed 06/15/17  Page 6 of 8

funds to support himself and his family obligations.[40]  Considering the breadth of the financial information available, the court finds Mr. Flowers outstanding debts and responsibilities to his family render the $10,000 not presently available.

In the alternative, the United States requests imposition of a $10,000 fine for Mr. Flowers if the court does not order the money given to the Criminal Justice Act panel as compensation for representation.  However, such a request is governed by the requirement that funds must be available for the payment of fees.[41]  <u>United States v. Seminole</u> held that "[i]f the 'fine' was actually an order for reimbursement of fees paid to Seminole's court appointed counsel, the district court erred by not making the requisite finding that 'funds are available for payment' of the fees."[42]  As stated above this court found Mr. Flowers' $10,000 are not available within the meaning of the statute.  The unavailability of the funds also renders them unavailable for the purposes of satisfying a fine.

## **Conclusion**

Based on the information considered by the court and arguments of the parties, this court RECOMMENDS that the Motion to Reconsider be DENIED.

DATED at Fairbanks, Alaska, this 15th day of June, 2017.

                                                                                                             s/SCOTT A. ORAVEC_____
                                                                                                             UNITED STATES MAGISTRATE JUDGE

---

[40] Dkt. 269, Imposition of Sentence Minutes.

[41] <u>United States v. Seminole</u>, 882 F.2d 441 (9th Cir. 1989).

[42] <u>Seminole</u>, 882 F.2d at 443-44.

A party seeking to object to this proposed finding and recommendation shall submit any objections to the District Judge. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.[43] The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.[44] Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.[45]

---

[43] McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).

[44] United States v. Howell, 231 F.3d 615 (9th Cir. 2000).

[45] See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).