IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

ARNOLD WESLEY FLOWERS, II,

        Defendant.

Case No. 3:16-cr-00035-SLG

**ORDER**

Before the Court is the United States' Motion to Reconsider (Docket 272) to which Mr. Flowers filed a response (Docket 273). The motion was referred to the Honorable Magistrate Judge Scott Oravec. At Docket 284, Magistrate Judge Oravec issued his Report and Recommendation, in which he recommended that the motion be denied. The government filed an Objection to the Report and Recommendation (Docket 286).

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] But as to those topics on

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

The magistrate judge recommended that the court deny the motion to reconsider as to the $10,000 of funds seized from Mr. Flowers' residence that were not sought for criminal forfeiture. The government had sought for those funds to be either give to the Criminal Justice Act panel as compensation for the criminal defense that Mr. Flowers received during the course of this litigation, or applied toward a $10,000 fine that the Government asks the Court to impose.

The magistrate judge found that while the court has the discretion to grant the government's request, he recommended that this court not do so. The magistrate judge noted the $4,500 in monthly costs that the Flowers family incurred, including expenses for four children. In light of those obligations, the magistrate judge found "Mr. Flowers outstanding debts and responsibilities to his family render the $10,000 not presently available" for either a fine or CJA payment.[4]

The government's objection to the report reargues many of the same points made to the magistrate judge. It maintains "[t]he thought that the $10,000 at issue should be available to [Mr. Flowers} when he gets out of prison is counter intuitive."[5]

---

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

[4] Docket 284 at 7.

[5] Docket 286 at 2.

3:16-cr-00035-SLG, *U.S. v. Flowers*
Order re Motion to Reconsider
Page 2 of 3

On de novo review, the district court agrees with and adopts the analysis of the magistrate judge. The court finds that the best interests of the Flowers children will be served if Mr. Flowers has these funds available to provide for the children's financial needs during their father's incarceration.

DATED this 25th day of July, 2017 at Anchorage, Alaska.

                                     */s/ Sharon L. Gleason*
                                     UNITED STATES DISTRICT JUDGE

3:16-cr-00035-SLG, *U.S. v. Flowers*
Order re Motion to Reconsider
Page 3 of 3

Case 3:16-cr-00035-SLG   Document 287   Filed 07/25/17   Page 3 of 3