# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ARNOLD WESLEY FLOWERS, II,<br><br>　　　　　　Defendant. | Case No. 3:16-cr-00035-SLG |

## ORDER REGARDING FIRST STEP ACT MOTION

Before the Court at Docket 333 is defendant Arnold Wesley Flowers, II's *pro se* Motion to Modify Sentence Pursuant to the First Step Act and Request to Appoint Counsel. The government responded in opposition at Docket 334.

Mr. Flowers is serving a 75-month sentence, which is currently set to expire on August 23, 2021.[1] Mr. Flowers seeks a court order allowing him the maximum amount (12 months) of time at a residential re-entry center because of his asserted "extraordinary and compelling circumstances" in his case.[2] Mr. Flowers' motion is based on the First Step Act of 2018 (FSA), which allows inmates to request sentence modifications based

---

[1] www.bop.gov/inmateloc/ (last accessed Dec. 20, 2019). In 2017, this Court sentenced Mr. Flowers to 75 months imprisonment after two trial juries—one in each of two cases—convicted him of a total 14 counts of drug, firearm, and wire fraud offenses. The sentences on all counts were to run concurrently and concurrently with the sentence in the other case. Docket 275 at 1–2 (judgment in case 3:16-cr-00035-SLG); Docket 278 at 1–2 (judgment in case 3:16-cr-00058-SLG).

[2] Docket 333 at 2, 4. In August 2019, Mr. Flowers filed a motion seeking a recommendation from this Court that the Bureau of Prisons allow him to spend his final 12 months of incarceration at a halfway house. Docket 328. The Court denied the motion. Docket 332.

on extraordinary and compelling reasons.[3] Prior to the passage of the FSA, only the Bureau of Prisons could move for early release due to extraordinary and compelling reasons.[4]

Mr. Flowers asserts that his case presents extraordinary and compelling circumstances because he has no disciplinary history, has made positive changes during his incarceration, he needs to establish a support system in a new community, and because denying him the maximum stay in a residential re-entry center "is in no way assisting [him] in [his] goal to never return to prison."[5] Mr. Flowers filed a re-entry plan progress report that lists the courses he has taken while incarcerated.[6] From Mr. Flower's previous motion, the Court is aware that he has participated in and completed various inmate training and educational programs.[7]

The government responds that Mr. Flowers "has a long and dangerous criminal history, full of duplicitous conduct and supervised release violations" and that he "is a danger to the community."[8] The government opposes Mr. Flowers being "released to a transitional facility at any time prior to the ordinary time under the Bureau of Prisons ordinary policies and procedures."[9]

---

[3] Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[4] Pub. L. No. 115-391, 132 Stat. 5239 (2018).

[5] Docket 333 at 2–3.

[6] Docket 331-1 (under seal).

[7] Docket 330-2; Docket 436-1.

[8] Docket 334 at 2.

[9] Docket 334 at 2.

The Court has no reason to doubt the veracity of Mr. Flowers' representations in his motion and his exhibit. The Court commends Mr. Flowers for his positive achievements. However, Mr. Flowers' general positive changes and need to establish a support system outside of prison do not constitute "extraordinary and compelling" reasons to modify his sentence or direct the Bureau of Prisons as to the timing of his release to a residential re-entry center.[10] The Court has no recent, first-hand knowledge of Mr. Flower's character and conduct and thus will defer to the BOP's observations and evaluations of his behavior since sentencing about whether he should be allowed to serve a portion of his sentence at a halfway house. It is the BOP's responsibility, independent of any judicial recommendation, to comply with 18 U.S.C. § 3624(c)(1) and designate placement for inmates.[11]

Additionally, the FSA requires that prior to bringing a motion based on extraordinary and compelling reasons, an inmate must fully exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . ."[12] There is nothing in the record before the Court showing that Mr. Flowers has pursued any administrative remedies.

---

[10] The Court notes that although Congress has not defined what constitutes "extraordinary and compelling," it has directed the U.S. Sentencing Commission that "[r]ehabilitation of the defendant alone" is insufficient to constitute "extraordinary and compelling" reason. 28 U.S.C. § 994(t).

[11] See 18 U.S.C. § 3624(c)(6) (requiring the Director of the BOP to issue regulations ensuring that inmates are placed in community correctional facilities on an individual basis and in a manner consistent with the statute).

[12] 18 U.S.C. § 3582(c)(1)(A).

If Mr. Flowers' intent is to bring a motion pursuant to Section 602 of the FSA, that provision of the FSA modified 18 U.S.C. § 3621(c)(1) and directs the Bureau of Prisons to maximize the amount of time spent on home confinement when warranted.[13] The provision does not authorize a federal court to modify an inmate's sentence to maximize home confinement.

In light of the foregoing, the motion at Docket 333 is denied.

DATED this 26th day of December, 2019, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[13] "Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."