# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ARNOLD WESLEY FLOWERS, II,<br><br>    Defendant. | Case Nos. 3:16-cr-00035-SLG and<br><br>3:16-cr-00058-SLG |

## ORDER REGARDING MOTIONS FOR COMPASSIONATE RELEASE

Before the Court are multiple motions for compassionate release filed in defendant Arnold Wesley Flowers, II's two cases.

In case number 3:16-cr-00035-SLG at Docket 339 is Mr. Flowers' *pro se* Motion for Compassionate Release in Light of the Second Chance Act of 2007; Pursuant to the First Step Act (P.L. 115-391) of 12/21/2018; and the Newly Passed Cares Act, Section 12003(b)(2) Amends 18 U.S.C. § 2624(c)(2) of March 27, 2020. Mr. Flowers filed a declaration in support of his motion at Docket 340. The U.S. Probation Office filed a sealed Compassionate Release Investigation report at Docket 341. The Federal Public Defender's office filed an Amended Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) at Docket 344-1. The government responded in opposition at Docket 347. With leave from the Court, Mr. Flowers filed a reply at Docket 350.

In case number 3:19-cr-00058-SLG at Docket 350 is Mr. Flowers' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), which was filed by the Federal Public Defender's office and is substantially similar to the amended motion filed in the case discussed *supra*. Because the motions are substantially similar, no separate response from the government is necessary for the Court's determination of this motion.[1]

Mr. Flowers is serving a 75-month sentence with an anticipated release date of August 23, 2021; he is housed at Oklahoma City FTC.[2] Mr. Flowers seeks an order "granting a reduction in sentence to time served and releasing Mr. Flowers on home confinement for a period of 12 months as a condition of supervised release."[3]

In 2017, this Court sentenced Mr. Flowers to 75 months imprisonment after two trial juries—one in each of his two cases—convicted him of a total 14 counts of drug, firearm, and wire fraud offenses.[4] The sentences on all counts were to run concurrently and concurrently with the sentence in the other case.[5] In October

---

[1] The government's response in opposition lists both of Mr. Flowers' case numbers. The Court has considered the reply filed in case 3:16-cr-00035-SLG as applying in both cases.

[2] www.bop.gov/inmateloc/ (last accessed July 31, 2020).

[3] Case No. 3:16-cr-00035-SLG, Docket 344-1 at 1; Case No. 3:16-cr-00058-SLG, Docket 350 at 1.

[4] Case No. 3:16-cr-00035-SLG, Docket 275 at 1–2; Case No. 3:16-cr-00058-SLG, Docket 278 at 1–2.

[5] Case No. 3:16-cr-00035-SLG, Docket 275 at 2; Case No. 3:16-cr-00058-SLG, Docket 278 at 2.

Case Nos. 3:16-cr-00035-SLG and Case No. 3:16-cr-00058-SLG *United States v. Flowers*
Order Re Motions for Compassionate Release
Page 2 of 8

Case 3:16-cr-00035-SLG   Document 351   Filed 08/03/20   Page 2 of 8

2019, this Court denied Mr. Flowers' motion in which he sought a judicial recommendation that the BOP allow him to spend the final 12 months of his sentence in a halfway house.[6] In December 2019, this Court denied Mr. Flowers' motion to modify his sentence pursuant to the First Step Act and allow him to serve his final 12 months at a residential re-entry center.[7] In April 2020, this Court denied another motion from Mr. Flowers seeking a judicial recommendation to the BOP to place him in a residential reentry center or halfway house.[8] The government opposed all three motions, asserting that Mr. Flowers "has a long and dangerous criminal history, full of duplicitous conduct and supervised release violations" and that he "is a danger to the community."[9]

**I.  Applicable law**

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[10] 18 U.S.C. § 3582(c)(1)(A) requires that an inmate "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons

---

[6] Case No. 3:16-cr-00035-SLG, Dockets 328 and 330 (motions); Docket 332 (order). Case No. 3:16-cr-00058-SLG, Docket 346 (motion); Docket 348 (order).

[7] Case No. 3:16-cr-00035-SLG, Docket 333 (motion); Docket 335 (order).

[8] Case No. 3:16-cr-00035-SLG, Docket 336 (motion); Docket 338 (order).

[9] Case No. 3:16-cr-00035-SLG, Docket 331 at 2; Docket 334 at 2; Docket 337 at 2. Case No. Case No. 3:16-cr-00058-SLG, Docket 347 at 2.

[10] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

Case Nos. 3:16-cr-00035-SLG and Case No. 3:16-cr-00058-SLG *United States v. Flowers*
Order Re Motions for Compassionate Release
Page 3 of 8
Case 3:16-cr-00035-SLG   Document 351   Filed 08/03/20   Page 3 of 8

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." If the defendant has exhausted their administrative rights, a district court must consider the motion on the merits. The relevant considerations are the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[11] If a court finds that the § 3553(a) factors support a sentence reduction the court must also find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[12]

## II. Exhaustion of administrative rights

Mr. Flowers maintains that he made a request to prison officials at Oklahoma City FTC "that he be considered for placement on home confinement," but it appears he is not eligible for home confinement because his risk-assessment score is too high.[13] The government does not contest that Mr. Flowers has

---

[11] In *Pepper v. United States*, 562 U.S. 476, 490–93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

[12] 18 U.S.C. § 3582(c)(1)(A).

[13] Case No. 3:16-cr-00035-SLG Docket 344-1 at 2, 4–5; Docket 344-2; Docket 340 at 1, ¶¶ 3, 4. Case No. 3:16-cr-00058-SLG, Docket 350 at 2; Docket 350-1.

The BOP utilizes the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) to try and predict whether an inmate poses a risk of reoffending based on certain risk factors.

Case Nos. 3:16-cr-00035-SLG and Case No. 3:16-cr-00058-SLG *United States v. Flowers*
Order Re Motions for Compassionate Release
Page 4 of 8
Case 3:16-cr-00035-SLG   Document 351   Filed 08/03/20   Page 4 of 8

exhausted his administrative rights, and it appears that Mr. Flowers has exhausted his administrative rights.

## III. Section 3553(a) factors

In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court considers the continued appropriateness of the imposed sentence in light of the COVID-19 pandemic. Here, in considering the § 3553(a) factors, the Court finds that they do not support a reduction in sentence. Mr. Flowers' criminal behavior involved possession of cocaine, illegally possessing firearms, and engaging in insurance fraud by falsely reporting that household items were stolen during a robbery.[14] Mr. Flower's criminal behavior in this case is compounded by his prior criminal history and poor performance on supervised release.[15] While Mr. Flowers maintains that he has been "a model inmate," he only submitted his education/class transcript and did not submit his disciplinary record to support that assertion.[16] In contrast, the Probation Office has concluded that Mr. Flowers poses a threat to the community: "the defendant's overall criminal history is serious in nature . . . . During this period of incarceration, the defendant demonstrated his general inability to comply with Court conditions, as he received

---

[14] Case No. 3:16-cr-00035-SLG, Docket 274 at 7–11.

[15] Case No. 3:16-cr-00035-SLG, Docket 341 at 3; Docket 274 at 17–25.

[16] Case No. 3:16-cr-00035-SLG, Docket 344-1 at 17; Docket 344-7. Case No. 3:16-cr-00058-SLG, Docket 350 at 4.

Case Nos. 3:16-cr-00035-SLG and Case No. 3:16-cr-00058-SLG *United States v. Flowers*
Order Re Motions for Compassionate Release
Page 5 of 8
Case 3:16-cr-00035-SLG Document 351 Filed 08/03/20 Page 5 of 8

one disciplinary infraction while imprisoned."[17] Moreover, while not binding on this Court, it is informative that the BOP's risk-assessment tool ranked Mr. Flowers as a medium risk for reoffending. In light of the foregoing, the Court remains of the view that the sentence that was imposed continues to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public, and provide just punishment.[18]

## IV. Extraordinary and compelling reasons

A district court cannot reduce a sentence unless it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[19] Mr. Flowers bears the burden of establishing that compelling and extraordinary reasons exist that justify compassionate release.[20] The relevant policy statement, U.S.S.G. § 1B1.13, sorts extraordinary and compelling reasons into four categories: (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, and (4) other reasons as determined by the director of the BOP that amount to extraordinary and compelling reasons, other than or in combination with the previous three categories. Whether the policy

---

[17] Case No. 3:16-cr-00035-SLG, Docket 341 at 3.

[18] 18 U.S.C. § 3553(a)(2).

[19] 18 U.S.C. § 3582(c)(1)(A).

[20] *United States v. Fuller*, No. CR17-0324JLR, 2020 WL 2557337, at *4 (W.D. Wash. May 20, 2020).

Case Nos. 3:16-cr-00035-SLG and Case No. 3:16-cr-00058-SLG *United States v. Flowers*
Order Re Motions for Compassionate Release
Page 6 of 8
Case 3:16-cr-00035-SLG   Document 351   Filed 08/03/20   Page 6 of 8

statement is binding or merely provides guidance to courts is a matter of disagreement among district courts.[21] However, the Court need not determine whether § 1B1.13 is binding or advisory because it would reach the same conclusion in this case regardless of the application of the policy statement.

Mr. Flowers, who is 45 years old, asserts that "being locked in a cell eight (8) feet by ten (10) feet cell for count or overnight, with another inmates [sic]" during the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence.[22] Mr. Flowers also maintains that the federal transfer center where he is housed "currently houses 32 inmates who have tested positive for the coronavirus, and currently employs 3 staff members who have tested positive."[23] However, Mr. Flowers does not claim in any of his compassionate release motions that he suffers from any medical issues, let alone any medical issues that would elevate his risk of death or serious illness from COVID-19.[24] The generalized risks of COVID-19, even to someone in a correctional facility where COVID-19 cases

---

[21] *Compare, e.g.*, *United States v. Beck*, 2019 WL 2716505 at *6 (M.D. N.C. June 28, 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)") *with United States v. Shields*, 2019 WL 2359231 at *4 (N.D. Cal. June 4, 2019) (rejecting argument that the court may disregard § 1B1.13 because it has not yet been amended pursuant to the First Step Act); *see also United States v. Schmitt*, 2020 WL 96904 at *3, Case No. CR12-4076-LTS (N.D. Iowa Jan. 8, 2020) (listing cases split on whether the policy statement is binding).

[22] Case No. 3:16-cr-00035-SLG, Docket 339 at 3.

[23] Case No. 3:16-cr-00035-SLG, Docket 344-1 at 2. Case No. 3:16-cr-00058-SLG, Docket 350 at 2.

[24] The Compassionate Release Investigation report indicates that "[p]er BOP medical records, the defendant mainly suffers from chronic foot pain . . . ." Docket 431 at 3.

Case Nos. 3:16-cr-00035-SLG and Case No. 3:16-cr-00058-SLG *United States v. Flowers*
Order Re Motions for Compassionate Release
Page 7 of 8
Case 3:16-cr-00035-SLG   Document 351   Filed 08/03/20   Page 7 of 8

have been reported, do not constitute extraordinary and compelling reasons that would justify compassionate release.[25]

Mr. Flowers also maintains that his efforts toward rehabilitation warrant his release. But 28 U.S.C. § 994(t) provides that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Thus, while the Court commends Mr. Flowers for completing several classes, this cannot serve as the basis for compassionate release.

In light of the foregoing, IT IS ORDERED that in case number 3:16-cr-00035-SLG, the motion at Docket 339 and the amended motion at Docket 344-1 are DENIED. IT IS FURTHER ORDERED that in case number 3:16-cr-00058-SLG the motion to file a reply at Docket 349 is DENIED as moot and the motion at Docket 350 is DENIED.

DATED this 3rd day of August, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[25] *Fuller*, No. CR17-0324JLR, 2020 WL 2557337, at *5 (holding "vague claims that conditions of confinement are 'ripe' for COVID-19 infections" and generalized concerns about COVID-19 pandemic insufficient to establish, extraordinary and compelling reasons necessary to justify compassionate release); *cf. United States v. Boatwright*, No. 219CR00301GMNDJA, 2020 WL 1639855, at *5 (D. Nev. Apr. 2, 2020) ("The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents, particularly within the jail and prison setting. However, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation.").

Case Nos. 3:16-cr-00035-SLG and Case No. 3:16-cr-00058-SLG *United States v. Flowers*
Order Re Motions for Compassionate Release
Page 8 of 8
Case 3:16-cr-00035-SLG Document 351 Filed 08/03/20 Page 8 of 8